UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DARNELL DENARD NEAL,

      *Plaintiff*,

  v.

JANET L. YELLEN,

      *Defendant*.

Civil Action No. 24-1895 (RDM)

## MEMORANDUM OPINION

Plaintiff Darnell Denard Neal, proceeding *pro se*, brought this action against Secretary of the United States Treasury Janet Yellen on February 12, 2024. On April 23, 2024, the Court instructed Plaintiff to file proof of service on or before May 22, 2024, and cautioned that "failure to show proof of service may result in the Court dismissing this action for failure to serve or for failure to prosecute." *See* Min. Entry (Apr. 23, 2024). Plaintiff did not take any steps toward effecting service between April 23, 2024, and May 22, 2024. Instead, on May 6, 2024, he sought to file a motion captioned "Plaintiff's Second Amended Motion to Compel an Officer of the United States to Perform Their Fiduciary Duty Under United States Code 28 U.S.C. Section 1361." Dkt. 3. Because Plaintiff had yet to effect service, the Court denied leave to file that motion.

On June 20, 2024, Plaintiff filed a "Motion to Issue Summons," but did not provide the summons forms to the Clerk's office, as required. *See* Dkt. 5. In response, the Court directed Plaintiff to the online instructions and online forms, as well as to the relevant pages of the Pro Se Handbook for the United States District Court for the District of Columbia, and the Court "instruct[ed] Mr. Neal that he must first fill out a summons and then send it to the Clerk's

office for processing." Min. Order (Aug. 19, 2024).  On September 4, 2024, Plaintiff sent the Clerk's office the summons form.  That same day, however, he also filed a "Motion to Compel Performance from this Instant Court," alleging that "[t]he [C]ourt's lack of action has denied the plaintiff his Right To Due Process of Law." Dkt. 6 at 1, 2.  It has been more than three months since the service deadline set by the Court, and he has yet to effect service.

"[D]ismissal of a case pursuant to Rule 4(m) is appropriate when the plaintiff's failure to effect proper service is the result of inadvertence, oversight, or neglect, and dismissal leaves the plaintiff in the same position as if the action had never been filed." *Mann v. Castiel*, 681 F.3d 368, 376 (D.C. Cir. 2012) (internal quotation marks and citation omitted).  Plaintiff's continued failure to effect service at this point can be attributed solely to his "inadvertence, oversight, or neglect." *Id.*; *see* Fed. R. Civ. P. 4(m).  The Court will therefore dismiss the action for failure to comply with Rule 4(m).  Such a dismissal "leaves the plaintiff in the same position as if the action had never been filed." *Castiel*, 681 F.3d at 376.

In other circumstances, the Court might provide Plaintiff with yet a further opportunity to effect service, but, here, he has not requested an extension of time, the Court has already directed him to the relevant instructions, and, more importantly, his complaint is, in any event, frivolous.  The complaint alleges that in November 2023, Plaintiff mailed to Janet Yellen a "Bonded Promissory Note" for $100,000,000 and a "Letter Rogatory" instructing Secretary Yellen to deposit that money into his bank account. Dkt. 1 at 3; Dkt. 1-1 at 5–7.  He "attest[s]" that Secretary Yellen "pursuant to federal law acquired a fiduciary duty to tender the negotiable instrument that was presented" but refused to perform that duty.  Dkt. 1 at 4.  His complaint—styled as a "Motion to Compel"—asks that the Court compel Secretary Yellen to "perform her fiduciary duty" by paying $100,000,000 into Plaintiff's personal bank account.

Dkt. 1 at 5; *see also* Dkt. 2 (providing updated bank account information in an "amended motion to compel"). It is clear from the face of Plaintiff's complaint that his claim is "so attenuated and unsubstantial as to be absolutely devoid of merit," and the Court therefore lacks jurisdiction to entertain such a claim. *Hagans v. Lavine*, 415 U.S. 528, 536 (1974); *see also Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (explaining that it is appropriate for district courts to dismiss "patently insubstantial" complaints).

Plaintiff's complaint, moreover, suffers from a second jurisdictional defect, which the Court may also consider sua sponte. *See, e.g.*, *Evans v. Suter*, 2010 WL 1632902, at *1 (D.C. Cir. June 28, 2010 ("[A] district court may dismiss a complaint sua sponte prior to service on the defendants . . . when, as here, it is evident that the court lacks subject-matter jurisdiction."). To proceed against Secretary Yellin in her official capacity, Plaintiff must identify an applicable waiver of sovereign immunity. The Court, moreover, has previously construed his complaint (without subsequent objection from Plaintiff) as arising under the Mandamus Act, 28 U.S.C. § 1361. *See* Min. Order (Apr. 23, 2014). But to establish jurisdiction under the Mandamus Act, a plaintiff must allege that "the defendant has a clear duty to act" and that the plaintiff "has a clear right to relief." *Muthana v. Pompeo*, 985 F.3d 893, 910 (D.C. Cir. 2021). Here, however, Plaintiff has failed to identify any "clear duty" on Secretary Yellen to act as Plaintiff's "fiduciary;" to accord legal status to what Plaintiff describes as a "Bonded Promissory Note Valued at the sum of $100,000,000," which he purportedly mailed to Secretary Yellen; or to transfer $100,000,000 to Plaintiff's bank account.

For all these reasons, the Court will **DISMISS** Plaintiff's complaint and the pending action; will **DENY** Plaintiff's Amended Motion to Compel, Dkt. 2; and will **DENY** Plaintiff's Motion to Compel, Dkt. 6.

A separate order will issue.

                                                                               <u>/s/ Randolph D. Moss</u>
                                                                               RANDOLPH D. MOSS
                                                                               United States District Judge

Date:  September 18, 2024